UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NORETTE MASON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-02222-JMS-MJD |
| | ) | |
| ATHLETIC & THERAPEUTIC INSTITUTE OF NAPERVILLE, LLC | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Athletic & Therapeutic Institute of Naperville, LLC's ("ATI") Motion to Dismiss or Compel Arbitration ("Motion to Dismiss") Plaintiff Norette Mason's Complaint against it. [Filing No. 11.] For the following reasons, ATI's Motion to Dismiss is **GRANTED**.

### I.
### BACKGROUND

Ms. Mason initiated this action after ATI terminated her employment. [Filing No. 1.] Ms. Mason claims that she worked for ATI from March 22, 2010 through August 4, 2016 when ATI terminated her employment. [Filing No. 1 at 3.]

Ms. Mason alleges that her termination violated the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"). [Filing No. 1 at 5-7.]

On July 13, 2011, Ms. Mason and ATI signed an Arbitration Agreement, whereby ATI and Ms. Mason agreed that "any claim, dispute, and/or controversy that either [Ms. Mason] or ATI

may have against the other shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act, in conformity with the procedures of the Illinois Revised Statues Chapter 710, ILCS §5 et seq." [Filing No. 11-1 at 1.] The terms "claim, dispute[,] and/or controversy" are defined in the Arbitration Agreement as "any claims of discrimination and harassment, whether they be based on the Illinois Human Rights Act, Title VII of the Civil Rights Act of 1964, as amended, as well as all other state or federal laws or regulations." [Filing No. 11-1 at 1.] The Arbitration Agreement applies to "any claim, dispute, or controversy … which would otherwise require or allow resort to any court … arising from, related to, or having any relationship or connection whatsoever with [Ms. Mason's] … termination of employment[.]" [Filing No. 11-1 at 1.]

The Arbitration Agreement set forth a four-step process for "Pre-Arbitration Dispute Resolution." [Filing No. 11-1 at 1-2.] At Step 1, Ms. Mason agreed to informally discuss the matter with her immediate supervisor. [Filing No. 11-1 at 1.] If that is unsuccessful, Ms. Mason must file a "written complaint with the Vice President, Human Resources within **28 days** after the event or problem occurred." [Filing No. 11-1 at 1-2 (emphasis original).] The vice president then has 14 days to initiate an investigation and 14 more days to provide a written decision to Ms. Mason. [Filing No. 11-1 at 2.] If Ms. Mason is unsatisfied with the vice president's decision, or the vice president fails to timely respond to Ms. Mason's complaint, she may "submit [her] complaint to be heard by an independent arbitrator." [Filing No. 11-1 at 2.]

The section titled "Instituting Arbitration" states that Ms. Mason must submit an arbitration request to the vice president "within **90 days** after the date of the written decision in STEP 4, or within 90 days of the expiration of the deadline for such decision, except where federal and/or

state law prescribe a longer period of time which to file a complaint." [Filing No. 11-1 at 2] (emphasis original).]

The Arbitration Agreement also provides that "[i]f the Arbitrator finds for [Ms. Mason], the Arbitrator, in his or her discretion, may award appropriate relief, including costs, in accordance with applicable law. The Arbitrator is authorized to award attorneys' fees in accordance with applicable law." [Filing No. 11-1 at 3.]

## II.
### STANDARD OF REVIEW

A motion seeking dismissal based on a forum selection clause, including those containing an arbitration clause, is properly raised under Federal Rule of Civil Procedure 12(b)(3). *Auto. Mech. Local 701 Welfare and Pension Funds v. Vanguard Car Rental USA, Inc.*, 502 F.3d 740, 746 (7th Cir. 2007). Pursuant to Rule 12(b)(3) the Court assume the truth of the allegations as stated in a plaintiff's complaint unless said allegations are contradicted by the defendant's affidavits. *Deb v. SIRVA, Inc.*, 832 F.3d 800. 809 (7th Cir. 2016). Moreover, "a court may look beyond the mere allegations of a complaint, and need not view the allegations of the complaint as the exclusive basis for its decision." *Id.*

"To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Rosenblum v. Travelbyus.com Ltd.*, 299 F.3d 657, 662, (7th Cir. 2002). "Once it is clear, however, that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law." *Gore v. Alltel Commc'ns*, 666 F.3d 1027, 1033 (7th Cir. 2012) (citations omitted). The court cannot deny a party's request to arbitrate an issue absent a positive finding that the arbitration clause is not

3

susceptible to an interpretation that covers the asserted dispute. *Id.* (citing *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999).

## III.
### DISCUSSION

ATI asserts that the Arbitration Agreement constitutes a valid and enforceable contract. [Filing No. 12 at 4- 6.] ATI also claims that Ms. Mason's allegations are within the scope of the Arbitration Agreement, and therefore, Ms. Mason must arbitrate her claims before seeking relief from this Court. [Filing No. 12 at 6-7.]

Ms. Mason does not dispute that her ADEA, FMLA, and ADA claims fall within the scope of the Arbitration Agreement, but asserts that it is unenforceable for two reasons: (1) the Arbitration Agreement limits Ms. Mason's time to initiate pre-arbitration dispute resolution and arbitration; and (2) the Arbitration Agreement fails to mandate the award of attorneys' fees to a prevailing party. [Filing No. 16 at 3-7.][1] The Court addresses each of these arguments in turn.

### A. Statute of Limitations

Ms. Mason states that the "conflicts in time limitations between the Arbitration Agreement and Mason's statutory causes of action negatively impact Mason's ability to vindicate her rights, irrespective of the forum in which they are presented." [Filing No. 16 at 4.] Rather than exercise her rights under the Arbitration Agreement to which she agreed, Ms. Mason chose to vindicate her rights through federal litigation, first with the Equal Employment Opportunity Commission and

---

[1] The Arbitration Agreement contains a "Severability" section that states, "Should any term or provision, or portion thereof, be declared void or unenforceable it shall be severed and the remainder of this agreement shall be enforceable." [Filing No. 11-1 at 3.] Mason further contends, without citation to any pertinent legal authority, that the attorneys' fees and time limitations are not severable under the Arbitration Agreement because severance would "impact[] the entire Agreement." [Filing No. 16 at 7.] Because each of these provisions may be adequately administered by the arbitrator, the Court need not address this argument.

4

now with this Court. This decision, Ms. Mason claims, should not be construed against her because her rights under the Arbitration Agreement have expired, effectively precluding her from exercising her rights under the ADEA, FMLA, and ADA. [Filing No. 16 at 4-5.]

"Where ordinary contracts are at issue, it is up to the parties to determine whether a particular matter is primarily for arbitrators or for courts to decide." *BG Group, PLC v. Republic of Argentina*, 134 S. Ct. 1198, 1206 (2014). Disputes about "arbitrability," including such questions as "'whether the parties are bound by a given arbitration clause,' or 'whether an arbitration clause in a concededly binding contract applies to a particular type of controversy'" are presumed to be matters decided by the courts. *Id.* (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002)). "On the other hand, courts presume that the parties intend arbitrators, not courts, to decide disputes about the meaning and application of particular procedural preconditions for the use of arbitration." *BG Group, PLC*, 134 S. Ct. at 1207. These matters include whether or not a plaintiff has satisfied "'prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate.'" *Id.* (quoting *Howsam*, 537 U.S. at 85).

It is well-established that "'[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum.'" *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985)). Ms. Mason, however, does not argue that the Arbitration Agreement prohibits her from exercising her substantive federal rights; rather, she contends that the time limits inhibit her ability to satisfy the prerequisites set forth in the Arbitration Agreement. Ms. Mason's claim with respect to the imposed time limits under the Arbitration Agreement falls squarely in line with the arbitrator's authority to decide "procedural preconditions[.]" *BG Group, PLC*, 134 S. Ct. at 1207. Nothing in

the Arbitration Agreement precludes her from asserting her claims in that forum and any procedural deficiencies relating to her timeliness under the Arbitration Agreement must be decided by the arbitrator.[2]

**B. Attorneys' Fees**

Each of Ms. Mason's claims require the award of attorneys' fees for a prevailing plaintiff. *See* 29 U.S.C. § 626(b); 29 U.S.C. § 2617(a)(3); 42 U.S.C. § 2000e-5(k). Ms. Mason argues that the Arbitration Agreement's failure to mandate attorneys' fees should she prevail is contrary to federal law and is therefore unenforceable. [Filing No. 16 at 6-7.]

In support, Ms. Mason cites to the Seventh Circuit's decision in *McCaskill v. SCI Management Corp.*, in which the Court found unenforceable a provision stating that "[e]ach party may retain legal counsel and shall pay its own costs and attorneys' fees, regardless of the outcome." 298 F.3d 677, 680 (7th Cir. 2002).

Unlike the fee provision in *McCaskill*, however, the Arbitration Agreement does not issue a blanket prohibition on the recovery of attorneys' fees. The provision states that the arbitrator, "in his or her discretion, may award appropriate relief, including costs, in accordance with applicable law. The Arbitrator is authorized to award attorneys' fees in accordance with applicable law." [Filing No. 11-1 at 3.] Should Ms. Mason prevail in arbitration, the Arbitration Agreement provide the arbitrator the ability to award attorneys' fees in accordance with the ADEA, ADA, and FMLA.

---

[2] Mason also argues that "she can no longer effectively exercise her rights under the Arbitration Agreement, even though she acted promptly to comply with applicable statutory deadlines in order to protect her rights." [Filing No. 16 at 4.] Although this matter lies within the discretion of the arbitrator, the Court notes that the Arbitration Agreement clearly states that "[a]n arbitration request must be submitted in writing … within 90 days … except where federal and/or state law prescribe a longer period of time in which to file a complaint." [Filing No. 11-1 at 2Crob.]

The Seventh Circuit has cautioned against an assumption that the arbitrator will not follow the law in issuing the proper amount of damages. *Livingston v. Assocs. Fin., Inc.*, 339 F.3d 553, 558 (7th Cir. 2003) (rejecting argument for denial of arbitration based on "concern that the arbitrator's discretion to award attorneys' fees was not in accord with [statutory] restrictions on such awards to defendants."). Similarly, the Supreme Court has instructed that it is proper to compel arbitration despite the possibility that an arbitrator might improperly interpret an arbitrational provision, for to do otherwise would render a result based on "mere speculation." *PacifiCare Health Sys., Inc. v. Book*, 538 U.S. 401, 406-07 (2003); *see also Saga Popovich, Inc. v. Colt Int'l, Inc.*, 588 F.3d 913, 918 (N.D. Ind. 2008) ("consistent with *PacifiCare*, Plaintiff's claim that the Arbitration Agreement, by making the award of attorney's fees discretionary, limits its remedies in contravention of RICO § 1964(c), is premature."). Further, should the arbitrator fail to award adequate damages as required by the law, "the availability of judicial review ensures that an arbitrator's award is not in conflict with statutory requirements." *Livingston*, 339 F.3d at 558; *see also Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 232 (1987) ("there is no reason to assume at the outset that arbitrators will not follow the law; although judicial scrutiny of arbitration awards necessarily is limited, such review is sufficient to ensure that arbitrators comply with the requirements of the statute.").

Accordingly, Ms. Mason's argument as to reasonable attorneys' fees is premature and cannot serve as a basis for denying arbitration.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** ATI's Motion to Dismiss. Ms. Mason's Complaint is hereby **DISMISSED without prejudice**.

Date: 10/19/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Kathleen Ann DeLaney
DELANEY & DELANEY LLC
kathleen@delaneylaw.net

Jeffrey S. Nowak
FRANCZEK SULLIVAN P.C.
jn@franczek.com

William R. Pokorny
FRANCZEK RADELET P.C.
wrp@franczek.com

Christopher S. Stake
DELANEY & DELANEY LLC
cstake@delaneylaw.net